NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DIETRICH ANN THOMAS,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

---

2025-1013

---

Petition for review of the Merit Systems Protection Board in No. AT-0752-20-0489-I-1.

---

Decided:  May 7, 2026

---

DIETRICH THOMAS, New Orleans, LA, pro se.

STEPHANIE FLEMING, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by TARA K. HOGAN, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before LOURIE, PROST, and CHEN, *Circuit Judges*.

PER CURIAM.

Dietrich A. Thomas petitions for review of a final decision of the Merit Systems Protection Board ("Board") declining to set aside the settlement agreement between Ms. Thomas and the Department of Veterans Affairs ("VA"). S.A. 1–8.[1] For the reasons below, we affirm.

## BACKGROUND

Ms. Thomas was removed from her position as a medical instrument technician for the Gulf Coast Veterans Health Care System in Biloxi, Mississippi. Ms. Thomas appealed her removal to the Board. While the appeal was pending, Ms. Thomas—represented by counsel—entered into a settlement agreement with the VA. The agreement provided that Ms. Thomas "voluntarily waives, withdraws, and forever discharges the [VA] from any and all actions, claims, complaints, [Board] appeals, [Equal Employment Opportunity] complaints, grievances, appeals, proceedings, and court actions, of whatever nature and in any stage of processing and in any forum, filed against the [VA]." S.A. 19 ¶ 1.

Ms. Thomas then moved to dismiss her appeal as settled. The administrative judge ("AJ") reviewed the agreement, determined it was "lawful on its face, that the parties freely entered into it, and that they understand its terms," S.A. 9, and dismissed her appeal.

Ms. Thomas filed a petition for Board review of the AJ's initial decision. For the first time, she requested that the settlement agreement not be enforced because (1) the VA, her counsel, the presiding AJ, and the chief AJ conspired against her and made disparaging remarks concerning her gender, race, and disability; and (2) she was coerced into signing the agreement. The Board denied her petition and affirmed the AJ's initial decision. The Board reasoned that

---

[1]    "S.A." refers to the supplemental appendix included with the VA's informal response brief.

Ms. Thomas "has provided no evidence of the alleged conspiracy, and she has not explained why she did not object to the alleged statements by the chief [AJ] or otherwise complain of fraud or coercion during the proceedings below." S.A. 2.

Ms. Thomas timely petitioned this court for review of the Board's decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We review a Board decision for whether it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

Ms. Thomas argues that (1) the settlement agreement "was not voluntary, but was obtained under coercion and fraud"; (2) the Board applied the wrong legal standard for voluntariness of settlement agreements; (3) her counsel "misrepresented the terms" of the agreement; and (4) the AJ "exerted undue pressure." Pet'r's Informal Br. 2. Because Ms. Thomas first questioned the voluntariness and validity of the settlement agreement in her petition for review, she has forfeited those arguments. *Bosley v. MSPB*, 162 F.3d 665, 668 (Fed. Cir. 1998) ("[I]f the party fails to raise an issue in the administrative proceeding or raises an issue for the first time in a petition for review by the full Board, this court will not consider the issue.").

However, even if she had timely raised her arguments, they are unpersuasive. A petitioner challenging the validity of a settlement agreement bears a "heavy burden" of proof that the agreement is improper. *Asberry v. USPS*, 692 F.2d 1378, 1380 (Fed. Cir. 1982). On this record, Ms. Thomas has not met that burden.

At best, Ms. Thomas's allegations are conclusory and perfunctory.  For example, Ms. Thomas does not provide, and the record does not otherwise indicate, evidence to support her allegations of coercion.  "A bare allegation of coercion is not sufficient to set aside the parties' settlement agreement." *Tiburzi v. DOJ*, 269 F.3d 1346, 1355 (Fed. Cir. 2001).  Moreover, Ms. Thomas was represented by counsel throughout the negotiation of the agreement, and in fact, she moved to dismiss her appeal after the agreement was entered.

## CONCLUSION

We have considered Ms. Thomas's remaining arguments and find them unpersuasive.  For the foregoing reasons, we affirm.

**AFFIRMED**

### COSTS

No costs.